UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

-----------------------------------------------------------x

| | |
|---|---|
| CATHERINE COX,<br><br>                        Plaintiff,<br><br>-against-<br><br>UNIMERICA INSURANCE COMPANY OF NEW YORK, UNITED HEALTHCARE SPECIALTY BENEFITS and UNIMERICA INSURANCE COMPANY,<br><br>                        Defendants. | Civil No.: 3:11-cv-05839<br>Hon. Peter G. Sheridan, U.S.D.J.<br>Hon. Lois H. Goodman, U.S.M.J.<br><br>**AMENDED PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court on **December 27, 2011**, for an initial conference pursuant to Fed. R. Civ. P. 16; Alan D. Bell, Esq., appearing on behalf of Plaintiff, and Michael H. Bernstein, Esq., of Sedgwick LLP, appearing on behalf of Defendants; and the parties having conferred by telephone conference with regard to a modification of the January 9, 2012 Pretrial Scheduling Order and for good cause shown, and the parties seeking an extension by way of joint letter request dated April 30, 2012;

**IT IS** on this 3rd day of May, 2012,

**ORDERED** that fact discovery is to remain open through **May 31, 2012**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown; and it is further

**ORDERED** that the parties shall serve any affirmative expert reports no later than **June 30, 2012**; and it is further

**ORDERED** that the parties shall serve any rebuttal expert reports no later than **July 31, 2011**; and it is further

**ORDERED** that the parties will complete all expert discovery by **September 3, 2012**; and it is further

**ORDERED** that dispositive motions may be filed by no later than **September 21, 2012** and made returnable by **October 15, 2012**. Counsel are to notify Chambers within five days of a decision on any dispositive motions if the decision does not resolve all issues in the case; and it is further

1

**ORDERED** that a Settlement Conference will be conducted by the undersigned, at the Clarkson S. Fisher United States Courthouse, Trenton, New Jersey on **May 18, 2012 at 10:00 a.m. Counsel and parties with full authority to settle the case are to be present.** Any failure in this regard shall result in the imposition of sanctions; and it is further

**ORDERED** that five days before the Settlement Conference, each party is to submit to Chambers a confidential letter, on an *ex parte* basis, not to exceed five pages in total, summarizing the relevant facts, the respective legal positions, the status of the case, and the party's position of settlement, including any settlement discussions that have taken place in anticipation of the Settlement Conference. Plaintiff is to serve a demand on Defendants by no later than 20 day prior to the Settlement Conference; and it is further

**ORDERED** that a date for the final pretrial conference will be set at a later date; and it is further

**ORDERED** that the attorneys for all parties are further directed to meet together by agreement, initiated by Plaintiff's counsel no later than twenty days before the date of the pretrial conference to:

   a. discuss settlement;
   b. stipulate to as many facts and issues as possible;
   c. prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiff's counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. All counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;
   d. examine all exhibits and documents proposed to be used at trial;
   e. complete all other matters which may expedite both the pretrial and trial of the case; and
   f. original and one copy, along with an electronic copy on disk, of the proposed Final Pretrial Order are to be submitted five days in advance of the conference.

**ORDERED** that appropriate markers shall be affixed to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of counsel referred to above, and each marker will bear the number of the exhibit to which it is affixed; and it is further

**ORDERED** that at the pretrial conference counsel should be prepared to discuss settlement of the case. Clients must be available by telephone; and it is further

**ORDERED** that since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties; and it is further

**ORDERED** that the Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel; and it is further

**ORDERED** that failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions; and it is further

**ORDERED** that any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (1995); Fed. R. Civ. P. 26(c); and L. Civ. R. 5.3; and it is further

**ORDERED** that the parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. This equipment includes an evidence presentation system, which consists of a document camera and a projector. The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer. The document camera may be used to display documents, photographs, charts, transparencies and small objects. For further information, please contact the Courtroom Deputy Ivannya Jimenez at 609-989-2114; and it is further

**ORDERED** that counsels are invited to use the George H. Barlow Attorney Conference Room located on the third floor of the Courthouse Annex. The room is equipped with telephones, laptop access/printer, copier and fax.

LOIS H. GOODMAN
United States Magistrate Judge